IN THE UNITED STATES DISTRICT COURT IN FOR THE DISTRICT OF DELAWARE



Daniel M. Woods,

    Plaintiff

VS.

Board of Parole, Stanley Taylor,

Patricia Carr (Ex-warden),

Raphael Williams (Warden)

Thomas Carroll (Warden D.C.C.)

Cindy Wright (Records Super.)

Brenda Calloway (Ex-records Super. P.T.A.)

L.Sullivan, V.Hayes, P.Riter, C.Escherich and Jane Doe (ELW).

    Defendants.

C.A.N.#  07-257

Civil Rights Complaint

42 U.S.C.A. sec. 1983

* Jury Trial Requested *

This is a civil rights action complaint under 42 U.S.C.A. 1983 and all the above and below named defendants are being **SUED IN THEIR INDIVIDUAL AND OFFICIAL COMPASITYS.**

## JURISDICTION AND VENUE

This is a civil action authorized by 42 U.S.C. sections 1983 to redress the deprivations, **under the color of State Law,** of the rights secured by the constitution of the United States.

The Court has Supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. sections 1367. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. sections 2201 and 2203. Plaintiff claims for injunction relief pursuant to authorized by 28 U.S.C. section 2283 and 2284 and rule 65 of the federal Rules of civil procedures.

**PLAINTIFF:**

Plaintiff Daniel M. Woods # 164728, is and was at all times mentioned herein a prisoner of the state of Delaware in the custody of the Delaware Correctional Center, Gander Hill, Pre-Trial Annex, Sussex Correctional. Plaintiff is currently confined in the Delaware Correctional Center in Smyrna, De.

Daniel M. Woods #164728

D.C.C. 1181 Paddock Rd.

Smyrna, De. 19977

## EXHUSTION REQUIREMENTS

Plaintiff filed grievances / Appeals / with no relief

Filed letters to records / wardens / commissioner / with no relief

Courts / Mandamus / Correction of illegal sentences / D. O.C. admitted to many errors and miscalculations of plaintiffs sentences.

### DEFENDANT

Board of Parole, Resides or works at 820 N. French St. Wilmington, Delaware. 19801.

These defendants acted under the color of law and permitted illegal actions to take place agents the plaintiff. They also ordered the removal of goodtime credits on an illegal sentence and other sentences that they had no jurisdiction or authority over to re-sentence the plaintiff on.

### DEFENDANT

Stanly Taylor, Resides or works at 245 McKee Rd. Dover, Delaware. 19904

And is and was employed as the commissioner of Corrections. This defendant, Showed complete deliberate indifference to plaintiff who acted under the color of law. Permitted, authorized, Supported, and failed to act once placed on notice of the errors.

### DEFENDANT

Patricia Carr, Resides and worked at Howard R. Young Correctional institution at 1301 E. 12th Street Wilmington, Delaware 19801 and was employed as warden during the errors.

### DEFENDANT

Repheal Williams, Resides and works at Howard R. Young Correctional Center at 1301 E. 12th Street Wilmington ,Delaware 19801 and is employed as warden and he showed complete deliberate indifference once placed on notice of errors.

**DEFENDANT**

Thomas Carroll, Resides and works at the Delaware Correctional Center (D.C.C.) 1181 Paddock Rd. Smyrna, Delaware 19977 and is and was the Warden during the time of those errors and he also showed complete deliberate indifference and allowed these actions to continue even after being informed of these issues a few times. Also allowed his department to contradict their actions and procedures that caused grave damages to the plaintiff.

**DEFENDANT**

Cindy Wright, Resides or works at the Delaware Correctional Center at 1181 Paddock Rd. Smyrna, Delaware. 19977 and is employed as the records supervisor

**DEFENDANT**

Brenda Calloway, Resides and worked at the Pre-trial Annex on Green Bank Rd. Wilmington, Delaware 19808 and is or was employed as the records clerk.

**DEFENDANT**

L. Sullivan, Resides or worked at Howard R. Young Correctional institution at 1301 E. 12th. Street Wilmington, Delaware. 19801 are or were employed as a records clerk at the time of errors.

**DEFENDANT**

V. Hayes, Resides or worked at the Delaware Correctional Center at 1181 Paddock Rd. Smyrna, Delaware 19977 and is or was employed as a records clerk at the time of error.

**DEFENDANT**

P. Riter, Resides or worked at the Delaware Correctional Center at 1181 Paddock Rd. Smyrna, Delaware 19977 and is or was employed as a records clerk at the time of error.

### DEFENDANT

C. Escherich, Resides or works at Howard R. young Correctional Institution 1301 E. 12th. Street Wilmington, Delaware. 19801 and is or was employed as a records clerk at the time of the error.

### DEFENDANT

Jane Doe (ELW), Resides or works at the Howard R. Young Correction institution 1301 E. 12th Street Wilmington ,Delaware 19801 and is or was employed as a records clerk at the time of error.

## JURISDICTION IS INVOKED PURSUANT TO 28 U.S.C. SECTION 1343 (A)(3) AND 42 U.S.C. SECTION 1983

### NATURE OF THE CASE:

This is a civil rights action complaint filed by an inmate at the Delaware Correctional Center (D.C.C.) alleging statutory and constitutional violations of his confinement.

### CAUSE OF ACTION

### DEFENDANT

**The Board of Parole** is responsible for the full and far hearings and to have his sentences properly accounted, calculated before they send the order to the Department Of Corrections. Errors took place that the parole Board ordered the removal of credits from sentences already that been served in there full terms, Also removed credits from an illegal sentence calculations that caused and continued to cause the plaintiff damages.

### DEFENDANT

**Stanly Taylor** is responsible for the full operations of all phases of the Department of Corrections and its prisons through out the state, including operations and investigations and the procedures that are used. And the procedures he implemented are to insure the protection of his staff and inmates through out. If issues are brought to his attention then it's his duty to act.

### DEFENDANT

**Patricia Carr** is and was responsible for the operations of the Howard R. Young Correctional institution to insure the protection of inmates and that her staff follows the procedures that are in place as well as perform investigations of complaints.

### DEFENDANT

**Repheal Williams** is responsible for the operations of Howard R. Young Correctional institution, investigations, inspections, and that all procedures are carried out to insure the safety of inmates and staff.

### DEFENDANT

**Thomas Carroll** is responsible for the operations at the Delaware Correctional Center, investigations, inspections, and to insure that all procedures are followed for the protection of inmates and staff.

### DEFENDANT

**Cindy Wright** is responsible for the operations and the procedures in the records department as well as investigator when errors accord. As well as calculations of sentences, goodtime, Sentencing Credits, issuing statues sheets and all other record keeping within that department.

**DEFENDANT**

**Brenda Calloway** is responsible for the operations at the Pre-trial Annex records Department issuing status sheets and calculations of inmate sentences and all other issues with the records department that consist with inmate's sentences. Goodtime, Deductions and release dates.

**DEFENDANT**

**L. Sullivan** is responsible for the records at the Howard R. Young Correctional institution to carrier out procedures of calculations of sentences, credits, status sheet, and the up keep of records.

**DEFENDANT**

**V. Hayes** is responsible for the records at Howard R. Young Correctional institution to Carrie out procedures of calculations of sentences, credits, release dates, issuing status sheets and the full up keep of records.

**DEFENDANT**

**P. Riter** is responsible for the records at Howard R. Young Correctional institution to Carrie out procedures of calculations of sentences, credits, issuing status sheets and the full up keep of records.

**DEFENDANT**

**C. ESCHERICH** is responsible for the records at Howard R Young Correctional institution to Carrie out procedures of calculations of sentences, credits, issuing status sheets and the full up keep of inmate's records.

**DEFENDANT**

**Jane Doe (elw)** is responsible for the records at Howard R. Young Correctional Institution to Carrie out procedures of calculations of sentences, credits, issuing status sheets and the full up keep of records.

THE ABOVE NAMED DEFENDANTS ARE RESPONSIABLE FOR ASSURING THAT THE DEPARTMENT OF CORRECTIONS DOSE PROPER PROCEEDURES AND CALCULATIONS OF SENTENCES, GOODTIME CREDITS TO INSURE THAT THE INMATE DOSE NOT SUFFER CRUAL AND UNUSUAL PUNISHMENTS AND ILLEGAL SENTENCE.

THE ABOVE DEFENDANTS NEGLECTED TO ACT AND DID IGNRE THE PLAINTIFF REQUEST TO CORRECT ALL ERRORS OF SENTENCE WHICH CONTINUE TO CAUSE GRAVE DAMAGES TO THE PLAINTIFF.

## COUNT # 2

The above defendants have because the plaintiff to serve the same sentence twice, after the sentence was served in its full terms through court orders and through the status sheet issued by the department.

Plaintiff's sentence was enlarged by nine extra days by error in 1981 and that error affected all other sentences for the last 25 years. Plaintiff was denied time served at level 5 through court orders by the department of corrections who did not have the authority to deny those ordered credits. Which increase all sentences without due-process of law? Also the department contradicts all the proceedings that have continued to hurt and violate all plaintiffs' sentences.

**DEFENDANTS**

Parole Board , Stanly Taylor , Patricia Carr , Repheal Williams , Thomas Carroll , Cindy Wright , B. Calloway , L. Sullivan , V. Hayes , P. Riter , C. Esherich , Jane Doe (elw)

**These Defendants are responsible for all the damages and all the violations that have taken place and continue to violate the rights of the plaintiff. They also show complete deliberate indifference and have failed to act.**

## COUNT # 3

**DEFENDANT:**

**Board of Parole,** Has failed to properly order the removal of credits from sentences correctly. Their error allowed the Department of Corrections to determent the Parole Boards intent and by doing so , they removed credits from sentences served in there full maximum term through court orders. The Board of Parole Also ordered the removal of credits from an error committed by the Department of corrections in their calculations of plaintiff's sentence. All these procedures have increased the plaintiffs sentences, violated his rights, Caused double jeopardy, ex-post facto, Cruel and unusual punishments, and False imprisonment.

**DEFENDANT:**

**Stanly Taylor** has failed to perform his official duties and show complete deliberate indifference to protect the rights of the plaintiff. Mr. Taylor has allowed his records department to use contradictions of procedures to violate the rights of plaintiff. Has allowed many errors to take place in the calculations of plaintiffs sentence, has failed to investigate or call for investigation even after being notified

of all errors and they where also admitted to by his staff. His failure to act caused deliberate indifference and false imprisonment by the increase of plaintiff's sentence illegally.

**DEFENDANT:**

**Patricia Carr,** (Ex-warden) she was the warden during the acts of miscalculations and was also notified of errors but she showed deliberate indifference to plaintiff.

**DEFENDANT:**

**Repheal Williams,** (Warden) is responsible for all operations at Howard R. Young Correctional institution. Many issues where brought to his attention about his staffs error including grievances, letters and filings in the court about the numerous errors of plaintiffs sentences. Repheal Williams showed complete deliberate indifference to all the errors committed agents the plaintiff that caused grave damages which where committed by his staff.

**DEFENDANT:**

**Thomas Carroll,** (Warden D.C.C.) Has failed to properly investigate the full errors admitted to by his staff and has show complete deliberate indifference to plaintiff by allowing his staff to alter, Change, Deny, Remove, Re-structure the plaintiffs sentences illegally. He was place on notice of all errors and the admitted errors by his staff, yet he failed to act or take actions. Who allowed those illegal actions to take place?

## COUNT # 4

**DEFENDANT:**

**Cindy Wright,** (records super.) allowed all the damages to take place and also denied the plaintiff of 163 days credits ordered through court orders for time served and under the law she can not refuse those credits. She and her staff also submitted fale affidavit to try justifying the damages and has lied to the courts.

Defendant also admitted to many errors that's taken place with the plaintiff's sentences and was fully informed of the other errors of miscalculations yet she failed to fully investigate these errors which caused grave damages to the plaintiff.

In 1981 an error was committed agents the plaintiff, Records added nine extra days on his sentence illegally that increased all other sentences, Parole dates, release dates, goodtime credits, (adding and removing those credits at parole violations twice) and many other affects because of the errors that created a tumbling affect to all sentences. Not including the constitutional errors.

In 2005 the records tried to fix this error by deducting nine days 23 years later as if that would fix all mistakes and errors **which dose not.**

Defendant has also contradicted her own procedures and by doing so has cause grave damages to the plaintiff ( two separate sentences, one in 1990 and the other in 2004) The situations are the same yet their procedures changed to best suit the department which created very damaging affects to the plaintiff.

**Defendant is the supervisor over the records department at D.C.C. who has allowed all the damages to continue and has failed to protect the rights of the plaintiff. She has lied and has contradicted her own procedures to try justifying the damages done and continue to be created.**

**She has created double jeopardy violations, ex-post post facto, deliberate indifference, false imprisonment, cruel and unusual punishment and violation of the rule of lenity.**

DEFENDANT:

**Brenda Calloway,** (records clerk) has failed to perform her official duties and properly calculate the plaintiff's sentence. Defendant turned the plaintiff's sentence into a mandatory sentence that was not authorized by law or done through due process of law. Hard complete errors of calculations have caused the plaintiff repairable harms that also created the tumbling affect. Hats affected all other

sentence. **This defendant has increased the plaintiff's sentence by 5 months and fifteen days without due process of law and also added an extra nine days to plaintiff's sentence without court order or due process so law.**

**These errors have created double jeopardy violations, ex-post facto, cruel and unusual punishments, false imprisonment, due process, and the rule of lenity.**

## COUNT # 5

**DEFENDANT:**

**L. Sullivan** Failed to perform his official duties and properly calculate the plaintiffs sentences and by doing so created grave damages to the plaintiff.

On 4-26-90 the defendant removed all goodtime credits from sentences already served in there full terms through court orders. Though creating double jeopardy violations and the increase of plaintiff's sentence without due process, this defendant did not have the authority or the jurisdiction under the law for those actions that has created a tumbling affect of damages to all other sentences.

## COUNT # 6

**DEFENDANT:**

**V. Hayes** failed to perform her official duties and properly calculate the plaintiff's sentences or correct any errors. This defendant wrote a hand written note on the plaintiffs status sheet dated 6-12-90 that the plaintiff must serve thirty years before going into a drug treatment program. The Honorable judge Herlihey called this records and clearly told them that sentence did not make since and to fix it. This should have also called for the Department to investigate the plaintiffs complaints that his sentences are messed up, yet nothing was done. **Now 16 years later the records department states that they found this error of a nine days**

miscalculation. Plaintiff has been fighting that his sentences have been messed upon for years now. <u>Yet nothing has been done and plaintiff's sentences are still in error.</u>

## COUNT # 7

**DEFENDANT:**

**P. Riter** Failed to perform his official duties to properly calculate the plaintiff's sentences and credit the plaintiff with time served at level 5 incarcerations of 56 days.

Defendant issued the plaintiff a status sheet on 6-25-81. The date the plaintiff was incarcerated (see status sheet dated 6-25-81)

Plaintiff was sentenced on 8-21-81 with 17 days credits, this brought plaintiffs effective date to 8-4-81. From 8-4-81 and added 17 days to that would bring that date to 8-21-81 but the status sheet reflects the date of 8-25-81.

**Those four extra days are not accounted for and the plaintiff has served that time. Defendant failure to properly calculate the plaintiffs sentences created gave damages that continue to affect the plaintiff daily.**

## COUNT # 8

**DEFENDANT:**

**C. Escherich,** Failed to perform her official duties and properly calculate the plaintiffs sentences or correct the errors. Defendant realized a mistake was made on a sentence in 1981 but the sentence was fully completed in its full terms but the department likes to combine all sentences so the error continues to affect the plaintiff to this day. Her error caused a tumbling affect into all other sentences and has violated the rights of the plaintiff under the constitution.

## COUNT # 9

**DEFENDANT:**

**Jane Doe (elw),** has failed to perform her official duty and properly calculate the plaintiff's sentence and doing so created grave damages to plaintiff.

**Defendant failed to credit plaintiff with 163 days credits ordered by the court.**

**Defendant failed to begin the plaintiff start date of prison sentence at its proper start date.**

**Defendant made numerous errors of the plaintiff's sentences that were uncorrected, rearranged, and changed to best suit the Department of Corrections.**

After the plaintiff filed in court the defendants finely admitted to errors that took place. One was that they (D.O.C.) miscalculated the plaintiff's sentences and added extra nine days to his sentences, which increased all plaintiffs' sentences. [Which was also in effect for over 25 years] This caused grave damages to the plaintiff because every date was enlarged, parole dates, release dates, goodtime credits and classifications.

**SHE IS BEING SUED IN HER INDIVIDUAL AND OFFICIAL COMPASITY**

## LEGAL CLAIMS

The plaintiff has no plain adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## PRAY FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enters judgment granting plaintiff:

**A declaration that the acts and omissions described herein violate plaintiffs rights under the constitution and the laws of the United States.**

**A preliminary and permanent injunction ordering defendants to repair all damaged sentences and reviewed by and independent who's an expert with sentec laws.**

**Compensatory damages in the amount of 50,000.00 against each defendant, jointly and severally.**

**Punitive damages in the amount of 20,000.00 against each defendant.**

**A jury trial on all issues triable by jury**

Plaintiffs costs in this suit.

Any additional relief this court deems just, proper, and equitable.

Dated: 5-8-07

Respectfully Submitted,

*/s/ Daniel M. Woods*

Daniel M. Woods # 164728

D.C.C. 1181 paddock Rd.

Smyrna, De. 19977

## VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

ON THIS DAY 8 OF May 2007

*/s/ Daniel M. Woods*

DANIEL M. WOODS # 164728

D.C.C. 1181 PADDOCK RD

SMYRNA, DE. 19977



07-257

To: Prothonitary                          5-9-07

Please be advised That I have sent the org. In This package.

All other Documents As well

Thank you

David M. Wood

Scanned
FILED
MAY 11 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE