IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Daniel M. Woods,
   Plaintiff.
VS.
Board of Parole, Stanley Taylor,
Patricia Carr, Raphael Williams,
Thomas Carroll, Cindy Wright,
B. Calloway, L. Sullivan, V. Hayes,
P. Riter, C. Escherich and Jane Doe,
   Defendants.

C.A.N# 07-225 (J.J.F)



07cv257 JJF
FILED
JUN -- 7 2007
RG Scanned
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Demonstration of exhibits to support the plaintiffs complaint**

Dated: 6-1-2007

Daniel M. Woods
D.C.C. # 164728
1181 Paddock Rd.
Smyrna, De. 19977

Prisoners have a liberty interest in being released on time, in conformity with the sentence imposed and with relevant state statutes such as those providing for goodtime.

**Calhoun V. New York State Div. of Parole Officers 999 F.2d 647, 653, (2d Cir. 1993); Sample V. Diecks, 885 F.2d 1099, 1114 (3d. Cir. 1989)**

**Plumb V. Prinslow, 847 F. supp. 1509 (D.Or.1994)**

Courts have suggested that excessive confinement only denies due-process if it results from a state policy or procedure or if there is no state administrative or judicial remedy available.

**Toney-EL V. Franzen, 777 F.2d. at Haygood V. Younger 769 F.2d. at 1359.**

Courts have also held that due-process is denied if a prisoner is not released on time as a result of "deliberate indifference."

**Brown V. Coughlin, 704 F. supp. 41,44 (S.D.N.Y. 1989) See Alexander V. perrill, 916 F.2d 1392,1395 (9th. Cir. 1990)**

Court has held that deliberate indifference to erroneous confinement also constitutes cruel and unusual punishment.

**Sample V. Diecks, 885 F2d. at 1109-10**

**Prison officials must have notice of the error if they are to be held responsible for it under the due-process clause.**

The prison was made aware of their errors and they also admitted to making all kinds of errors in their calculation of the appellant's sentences. The court has held that once an error in calculations is found a hearing is required.

**Haygood V. Younger, 769 F2d. at 1359**

## ARGUMENT # 1

**Appellant was and is being denied two months credits for time served.**

Appellant was arrested on 6-1-81 and was held in prison for 17 days before being released, See exhibit ii # 1 and appellant was credited with this seventeen days credit on Exhibit ii # 3.

Appellant was rearrested on 6-25-81 and the appellant continuously served until 1989 . But the appellant never received the credits for time served from 6-25-81 until 8-25-81, see exhibit ii # 3.

**(11 Del. C. 3901(a-c)**

If the Court will review appellants exhibit ii # 2 and see where that exhibt bleeds into the other exhibit ii # 3. in this case the appellees want to separate the sentences for calculation reasons but in all other argument they want to combind sentences and they try using the statues two different ways which is clearly ambiguios and comprisitory.

If the Court would review exhibit ii # 3, date appellant was received was 8-25-81, date appellant was sentenced was 8-21-81 and now see effective date its 8-4-81. now if you added the 17 days credit as was ordered to the date of 8-4-81, that date is 8-21-81 but see appellant was received it was 8-25-81 and those four extra days are not accounted for anywhere. **(See exhibt ii # 3-4 )**

**But both exhibit ii # 2 bleeds into ii # 3**

But appellant only receives the credit of one sentence

**Wolff V. McDonnell** 418 U.S. 539, 557, 94 S.CT. 2963, 2975, 40 L.ed. 2d. 935 (1974)

**Madson V. Parker** 104 F.3d. 765 (5th Cir. 1997)

## ARGUMENT # 2

Appellant was sentenced in 1981(See appellants appendix B-57) To two years and three months. Start date of 8-4-81 until its full maximum term without goodtime credits is 11-2-83.

**11 Del. C. 3901(a)**

Appellant was sentenced again on (4-8-82) 10 months after the above sentence to 13 more years but this sentence did not go into affect until full completion of the above sentence.(11-2-83)

**See appellants appendix B-58, B-69**

Appellant served consecutively from 6-25-81 until 1989 until appellant was paroled, Then appellant violated his parole in 1990. Upon a hearing the Board Of Parole violated appellant and ordered the removal of all appellants goodtime credits up to 8-4-81.

Appellant served the above mentioned sentences in there full maximum terms under Delaware statues **(11 Del. C. 3901(a) and 11 Del . C. 4348)** and by doing so there were no credits of goodtime to remove from that sentence. Yet D.O.C. records removed these credits which infact increased the appellants sentences. Creating double jeopardy violations.

**North Carolina V. Pearce** 395, U.S. 711, 23 L.ed. 2d. 656, 89 S.CT.2072 (1969)

**U.S V. Mettler** 938 F.2d. 764 (7th cir. 1991)

**U.S. V. Haynes** 906 F. Supp.5 (D.C. 1995)

A sentence that is increased pursuant to an amendment effective after the offence was committed violates ex-post facto clause.

**Woodson V. Attorney General** 990 F.2d. 1344 (D.C. Cir.1993)

Prisoners have no right to wave goodtime credits or to remain in prison beyond a term that has been reduced for good behavior.

Appellants argument is once appellant served his original sentence in its full term under the sentencing order and the statue 11 Del. C. 3901(a) and appellants appendix B-57. One the appellant served that sentence in its full compasity from 8-4-81 to 11-2-83 without any credits of goodtime.

Appellants second sentence dose not go into affect until 11-2-83 at the termination of the first sentence. **(See appellants appendix B-58)**

Under Delaware Statues sentence are served consecutively (11 Del C. 3901 (a) Once appellant completed the first sentence in its full term, then nine years later records removes the credits of goodtime. If the sentence was served in its full term then there are no credits to remove.

**(11 Del. C. 4348)**

### ARGUMENT # 3

Also in 1981 the Department of Corrections amitted that they in fact made an error in there calculations of appellants sentence and this error increased the appellants sentence by nine extra days and this error was not found until 2005.

**(See appellants appendix B-92 number 11)**

**The appellees are trying to say the appellant suffered no harm because of this error and the increase of the sentences by nine days for the last 25 years.**

The appellant suffered the full exstention of the nine day error for the last 25 years,which increased all Parole dates, release dates, classifications, goodtime credits-adding and the removal. Calculation errors (twice on a parole violations), affecting parole hearings, Housing, Programs, and pardon hearings. This error increased all other sentences and also denied the appellant Due-process of law, created a double jeopardy violations, Ex-pot facto, rules of lenity, False imprisonment, cruel and unusual punishment that have continued to affect the appellant for the last 25 years and continue to affect the appellant.

# ARGUMENT # 4

**D.O.C. records Department has denied the appellant his credits for time served of 163 days ordered by the court. ( appellants appendix exhibit B-9)**

Appellant was granted 163 days credit for time served by the Honorable Court on exhibit ii # 11 from the Honorable judge through appellants correction of illegal sentence.

D.O.C. records department denied the appellant these credits (which clearly violate the Del. Statue 11 Del. C. 3901(b) because all discreation is up to the court and not the department of corrections to determen) Records stated that the reason appellant will not receive these credits because the appellant was serving a probation violation first and so will not be illigable for those credits.

**(See exhibit appellant appendix B-91 number # 7)**

Cindy Wright records superviser filed this affidavit of defence after appellant filed his complaint with the Court. She stated to the Court that the Honorable judge will resind his order and she has been in full contact with the court in this matter. (exhibit B-91 number # 7)

But thirty nine days later appellant received another letter from the Honorable Judge who did not change the order as the appellees tried to make it seem with the court. The Honorable Judge stood by his original order granting the appellant the credits of 163 days.

**(See exhibit ii # 23 – A-C)**

(11 Del. C. 3901(a-b-c))

Records stated in Cindy Wrights affidavit that appellant will not receive those credits because appellant was serving a probation sentence at the time. Records Department refused the appellant the credits of 163 days that where ordered by the court between August 31, 2004 until February 9, 2005 (See exhibit appendix B-10) The Department tried to explain that the reason appellant will not receive those credits where do to the fact appellant was serving a probation sentence first and will not be eligible for those credits. **(refused without a court order)** (See exhibit B-91 number # 7)

Appellees are trying to have it both ways and mode the statues to fit their procedures. **Under the same situation in 1990 appellant was granted the credits for time served while serving a probation violation first.**

**(See exhibit appendix B-62 , B-63 , (ii 8-9)**

See exhibit (ii 6-7-8) see sentencing date on exhibt ii # 8 it was 4-26-90 and the affective date is 1-5-90. **Appellant was serving a probation violation sentence on 4-17-90 and its start date is 1-5-90. But the appellant had open charges pending. Two months and sixteen days later appellant was sentenced on those open charges(6-1-90) with the credits for time served a start date of 1-5-90.**

**(See exhibit ii # 7-8-9**

**Wilkenson V. Dotson** Court Supr. Rep.

**Sample V. Diecks** 885 F.2d. 1099 C.a. Pa. 1989

**Ex-post facto Volation**

Records Department did not have the authority to refuse to grant the appellant the credits ordered by the court (11 Del. C. 3901 (b) and it is also clear that the department is trying to use and alter the statues to support their arguments and procedures . **But their actions conderdicts each other which is ambiguious.**

## COUNT # 5

**APPELLEES HAVE CAUSED THE APPELLANT TO SERVE THE SAME SENTENCE TWICE CREATING DOUBLE JEOPERDY VIOLATIONS, DUE-PROCESS, EX-POST FACTO AND THE RULE OF LENITY THAT CONTINUE TO VIOLATE THE RIGHTS OF APPELLANT.**

Appellees have admitted to many errors of calculations of appellant's sentence through affidavit submitted by the records supervisor Cindy Wright. **(See exhibit appellant's appendix B-90, B-91, B-92)**

Appellant has served his sentence of two years and three months in its full terms through court orders (See exhibit ii 15) (B-39) (B-40) (state Status sheet ii-3)

Appellant served his two years and three months in its full term (11 Del. C. 3901(a) to its maximum date of 11-2-83. (See exhibit ii-3)(Ii-15)

Appellant second sentence didn't go into affect until completion of the first sentence (See exhibit ii-4) appellant served from 6-25-81 until 1989 when appellant was paroled.

In 1990 appellant violated his parole and the records Department removed all goodtime credits up to appellants start date of 8-4-81. **(See exhibit ii-3-5)**

The removal of those credits from sentences already served in their full terms and then ordered to re-serve that time again **CREATED A DOUBLE JEOPERDY VIOLATION, DUE PROCESS, EX-POST FACTO AND THE RULE OF LENITY.**

(11 Del. C.3901 (a)

(11 Del. C. 4348)

Wolff V. McDonnell Sect. (case cited)

**NOT TO PERMINITLY HOLD THOSE SENTENCE IN THAT PROCEEDURE .** Doing so changes the sentence and all agreed alone through court proceedings. It also allows the Department Of Corrections too much power over ones sentence when most of the employees are not trained in such proceedings of this magnitude and chances of errors are very high. Sentences are explained through ones lawyer and the courts and then once you're in the Department they can change that order to make it anything they like without the protection of the court of law that sentenced you. Is a **clear violation of what this country was founded on.** If statues are continually altered , and changed doing ones stay in prison clear violate the ex-post facto laws and the rights of appellant.

**11 Del C. 3901(a)**

**11 Del. C. 4348**

<u>**Wilson V. State Del. Supr**</u>. 760 A2d. 163 (2000)

<u>**Brittingham V. State Del. Supr**</u>. (case cited)

<u>**Woodson V. Att. General**</u> (case cited)

<u>**Wolff V. McDonnell**</u> (case cited)


Records Department has admitted to many errors of their calculations of appellant's sentences ( **Appellants exhibit appendix B-90 , B-91, B-92) the records Department added nine days extra to appellant's sentence in 1981.** After appellant filed his complaint in 2004 , the records found this error that's affected appellants sentence for the last 25 years which increased the appellants sentences, changed all release dates, Parole dates and eligibilities, Goodtime credits – adding and the removal **(which appellant violated his parole twice and both times credits were removed while this error was in place)** Classifications , Entry in programs , this error affected all other proceedings and changes done with

the appellants records causing him to serve longer sentences , cruel and unusual punishments that have and continue to violate his rights under the constitution.

## CONCLUTIONS

The lower Courts have made errors of law and the readings of exhibits presented by the appellant. These errors have cause a grave injustice to occur to the appellant and without the intervention of this court the appellant will continually suffer a miscarriage of justice that undermines the very fabric this country was built on.

The appellant's sentence has been changed to be what best suits the Department Of Corrections Procedures that also violate the Statues. The contradictions of proceedings and the continued changes are clearly ambiguous and compensatory in nature. Those violations have increased the appellant's sentences and have violated his rights for over 25 years and continue to violate his rights. Without this courts intervention because the appellant dose not have an adequate remedy at law to address those issues.

Dated: 6-1-2007

Respectfully Submitted,

*[signature: Daniel M. Woods]*

cc. District Court

    Department of justice

    File

I Daniel M. Woods declair under penaity of perjury that all the information presented herein is true and correct to the best of my knowledge. The matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the law that the foregoing is true and correct.

On this first day of June 2007 *[signature: Daniel M. Woods]* .

IM Thomas E. White
SB# 36965 D UNIT-D/E
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

Clerk Of The Court
District Court
844 N. King St. Lockbox 18
Wilmington, De.
19801-3570

Legal

UNITED STATES POSTAGE
$06.30⁰
02 1A
0004608975 JUN06 2007
MAILED FROM ZIP CODE 19977