IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL M. WOODS : | |
| Plaintiff, : | |
| v. : | Civil Action No. 07-257-JJF |
| BOARD OF PAROLE, COMMISSIONER : | |
| STANLEY TAYLOR, EX-WARDEN : | |
| PATRICIA CARR, WARDEN RAPHAEL : | |
| WILLIAMS, WARDEN D.C.C. : | |
| THOMAS CARROLL, RECORDS SUPER.: | |
| CINDY WRIGHT, BRENDA CALLOWAY,: | |
| L. SULLIVAN, V. HAYES, : | |
| P. RITER, C. ESCHERICH, and : | |
| JANE DOE (ELW), : | |
| Defendants. : | |

Daniel M. Woods, Pro se Plaintiff, Delaware Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

July 27, 2007
Wilmington, Delaware

Farnan, District Judge

    Plaintiff Daniel M. Woods ("Woods"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 6.) Also pending are two Motions For Partial Summary Judgment and a Motion To Appoint Counsel. (D.I. 3, 10, 12.)

    For the reasons discussed below, the Court will dismiss the Complaint as frivolous and barred by the statute of limitations pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will deny as moot all other pending motions.

## I.  BACKGROUND

    Plaintiff filed this lawsuit pursuant to § 1983 alleging statutory and constitutional violations of his confinement. Plaintiff alleges he has served the same sentence twice because of an error made in 1981 in calculating his sentence and that the error has affected all of his other sentences for the past twenty-five years. (D.I. 2, Count 2.) Plaintiff alleges the miscalculation error added nine extra days to his sentence which "illegally increased all other sentences, parole dates, release dates, goodtime credits and many other affects because of the errors that created tumbling affect to all sentences." *Id.* at Count 4.

More specifically, Plaintiff alleges that in 1981 Defendant P. Ritter miscalculated his sentence by not crediting Plaintiff for four days served. Id. at Count 7. He alleges that Defendant C. Escherich realized a mistake was made in 1981. Id. at Count 8.

Plaintiff alleges that on April 26, 1990, Defendant L. Sullivan removed all goodtime credits from sentences already served. Id. at Count 5. He alleges that on June 12, 1990, Defendant V. Hayes wrote on his status sheet that Plaintiff must serve thirty years before going into a drug treatment program. Id. at Count 6. Plaintiff alleges that records supervisor, Defendant Cindy Wright contradicted her procedures on two separate occasions, one in 1990 and the other in 2004, which "created very damaging affects" to him. Id. at Count 4. Plaintiff alleges in 2005 "the records tried to fix this error by deducting nine days 23 years later as if this would fix all mistakes and errors." Id. Finally, Plaintiff alleges Jane Doe (ELW) failed to credit him with 163 days as ordered by the Court. Id. at Count 9.

Plaintiff seeks declaratory, preliminary and permanent injunctive relief. He also asks for compensatory and punitive damages.

**II.  STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915

provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to

relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citations omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).  Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.  Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

#### A. Statute of Limitations

There is a two year statute of limitations period for § 1983 claims.  See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996).  Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action."  Id.  Claims not

filed within the two-year statute of limitations period are time-barred and must be dismissed. See Smith v. State, Civ. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

The Complaint alleges Defendants' actions in 1981 in improperly calculating Plaintiff's sentence have affected his other sentences for the past twenty-five years. Plaintiff's Complaint was signed on May 8, 2007, and filed with the Court on May 11, 2007, some twenty-six years after 1981 and well beyond the expiration of the two year limitations period.

The only time-frame mentioned in the Complaint that might fall within the limitation period is the allegation that "[i]n 2005 the records tried to fix this error by deducting nine days 23 years later." This allegation, however, does not rise to the level of a constitutional violation. Indeed, rather than causing harm to Plaintiff, he alleges action was taken to assist him.

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is

permissible." <u>Wakefield v. Moore</u>, No. 06-1687, 2006 WL 3521883, at *1 (3d Cir. Dec. 7, 2006) (citing <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1258 (10th Cir. 2006)). It is evident from the face of the Complaint that Plaintiff's § 1983 action is barred by the two year limitations period. Therefore, the Complaint is dismissed pursuant to 28 U.S.C. § 1915.

    **B. Habeas Corpus**

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See <u>Heck v. Humphrey</u>, 312 U.S. 477, 487 (1994).

It is not clear if <u>Heck</u> extends to an attack on the computation of a sentence. Nonetheless, since Plaintiff seeks damages for allegedly unconstitutional imprisonment, <u>Heck</u> requires Plaintiff's success in attacking the calculation of the sentence before he may properly bring suit pursuant to § 1983. Here, while Plaintiff alludes to court orders addressing credits

to his sentence, he has not alleged or proven success in attacking the alleged miscalculation of his sentence as provided by Heck. Indeed, Plaintiff challenged his sentence in the Delaware Superior Court, and the Delaware Department of Correction and Warden Raphael Williams were granted summary judgment on the issue of whether they improperly aggregated Plaintiff's 1981 and 1982 sentences for purposes of calculating his good time credits, said decision affirmed by the Delaware Supreme Court in March of this year. See Wood v. Williams, 922 A.2d 416, 2007 WL 773383 (Del. Mar. 15, 2007). To the extent Plaintiff seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, frivolous. Neitzke, 490 U.S. at 326.

## IV. CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed as frivolous and as barred by the applicable limitations period pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). The Court will deny as moot all pending motions filed by Plaintiff. (D.I. 3, 10, 12.) An appropriate Order will be entered.